UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WICKED GOOD CHARCOAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15-cv-00528-JDL |
| | ) |
| THE RANCH-T, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON PLAINTIFF'S EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER**

This matter comes before the court on Wicked Good Charcoal, Inc.'s ("Wicked Good") ex parte motion for a temporary restraining order (ECF No. 3).

**I. FACTUAL BACKGROUND**

Wicked Good's motion and supporting documents establish the following facts: Wicked Good is a family-owned and operated business in York County, Maine, that manufactures and sells charcoal under the "WEEKEND WARRIOR BLEND" designation or mark since 2005. The business has three employees. In early 2015 Wicked Good learned that the defendant, The Ranch-T, LLC, a Florida limited liability company with a principal place of business in Freehold, New Jersey, was offering a "Weekend Warrior Blend" charcoal to distributors and on its website. Following negotiations, Wicked Good and Ranch-T entered into a settlement agreement effective September 15, 2015, providing that, apart from a sell-off period ending December 1, 2015, during which Ranch-T could sell off remaining inventory

of packaged bags bearing the Weekend Warrior mark,[1] Ranch-T would cease and desist use of the Weekend Warrior mark.

Beginning a few weeks after the effective date of the Settlement Agreement, Wicked Good began receiving information indicating that Ranch-T had continued to use the Weekend Warrior mark in violation of the Settlement Agreement. The most recent information, received December 11, 2015, was transmitted by a Wicked Good customer which reported having been visited by a Ranch-T salesman who provided a sample bag of a Ranch-T charcoal product labeled "Weekend Warrior Blend." ECF NO. 3 at 7-8.

Wicked Good filed its complaint on December 28, 2015, together with its motion for a temporary restraining order and preliminary injunction supported by the declarations of Leslie Herbert, Joellen Bulgrin, Stacy Stitham, Larry Johnson, David Joswick, and Greg Smoot.

## II. LEGAL ANALYSIS

In considering a request for a temporary restraining order, the court must determine: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effect that the injunction or its denial would have on the public interest." *Diaz-Carrasquillo v. Garcia-Padilla*,

---

[1] The Agreement provided that any such inventory would have the Weekend Warrior mark covered over with a permanent sticker that read "Gourmet Blend" and that the UPC bar code on each bag would be covered with a sticker. See ECF No. 3 at 4.

750 F.3d 7, 10 (1st Cir. 2014) (citing *Corporate Techs., Inc. v. Harnett*, 731 F.3d 6, 9 (1st Cir. 2013)).

1.  **Likelihood of Success on the Merits**

Having considered all of the materials submitted by Plaintiff, I conclude at this extremely preliminary stage that Wicked Good has demonstrated a likelihood of success on the merits related to its breach of contract and false designation of origin claims. The requirements of the parties' September 15, 2015 Agreement are straightforward, and Wicked Good has presented substantial evidence establishing the likelihood of multiple violations of the Agreement by Ranch-T, including a violation of section 43(a) of the Lanham Act arising from the packaging of Ranch-T's charcoal product. *See* 15 U.S.C. § 1125(a); *see also Purolator, Inc. v. EFRA Distributors, Inc.,* 687 F.2d 554, 560-61 (1st Cir. 1982) (recognizing that section 43(a) "is designed to reach, among other things, attempts to appropriate the goodwill associated with a competitor's trademark by means of confusingly similar marking and packaging, which would create the impression that the products of the defendant originated with the plaintiff.").

2.  **Irreparable Harm**

Wicked Good will suffer irreparable harm absent a temporary restraining order. As established in Larry Johnson's declaration, Ranch-T has continued to label its product "WEEKEND WARRIOR BLEND," resulting in customer confusion as to the relationship between the products of Wicked Good and Ranch-T, and raising customer concerns associated with the quality of the "WEEKEND WARRIOR

BLEND." *See* Declaration of Larry Johnson, ECF No. 3-2, at 2 ("My wife and I have received several calls from customers confused about the relationship between the products of Ranch-T and Wicked Good, and reporting quality concerns they had as a result of using Ranch-T's so called 'Ranch-T Weekend Warrior Blend.'"). In addition, Wicked Good has lost a major west coast distributor to Ranch-T due to Ranch-T's product's lower cost and greater availability. *Id.* at 4.

### 3. Balance of Hardships

The balance of hardships weighs in Wicked Good's favor. Absent a temporary restraining order, the risk of irreparable harm to Wicked Good's ongoing business operations is apparent. On the other hand, the granting of a temporary restraining order will do no more harm to Ranch-T than that which it has already bound itself to by its agreement, memorialized in the Settlement Agreement to discontinue using Wicked Good's mark in promoting its product.

### 4. Public Interest

The issuance of a temporary restraining order is in the public interest because it will promote the public policy that supports the protection of trademarks against infringement. *See Borinquen Bisquit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 115 (1st Cir. 2006) (stating that "as a matter of public policy, trademarks should be protected against infringing uses.").

### 5. Security and Notice

Rule 65(c) of the Federal Rules of Civil Procedure provides that a temporary restraining order may only issue if the movant gives security for the damages that

might be sustained by the issuance of the order, but courts have discretion to determine that no security is warranted. See *Crowley v. Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen & Packers*, 679 F.2d 978, 1000 (1st Cir. 1982), *rev'd on other grounds*, 467 U.S. 526 (1984). Here, the September 15, 2015 Agreement expressly provided that in the event a temporary restraining order was ordered in response to a breach of the agreement, no bond should be required. *See* ECF No. 3-5, at 3 (providing that if a party is entitled to equitable relief, including a temporary restraining order, it should be available "without any requirement to post bond[.]" Accordingly, no security will be required.

In addition, because the declarations submitted by plaintiff clearly demonstrate the ongoing, immediate, and irreparable nature of the harm to the plaintiff, it is appropriate for a temporary restraining order to issue before the defendant can be heard in opposition.

### III. CONCLUSION

For the reasons stated above, I hereby **ORDER** that:

Defendant The Ranch-T, LLC, and its officers, agents, servants, employees, attorneys, and any and all persons in active concert or participation with them who receive notice of such judgment, directly or otherwise, are temporarily enjoined from:

    A. Using the "WEEKEND WARRIOR BLEND" mark, UPC code, or any other confusingly similar names or markings on any product or service.

    B. Representing that Ranch-T's goods or services are in any way connected with, affiliated with, share a common manufacturer with, are the

same as, or are intended as a replacement for, Wicked Good's Weekend Warrior Blend Charcoal.

This matter will be set for hearing on plaintiff's request for a preliminary injunction on January 12, 2015, at 9:00 a.m.

This Order shall remain in effect until fourteen days after it is entered.

**SO ORDERED.**

                                                /s/ JON D. LEVY
                                          **United States District Judge**

Dated this 30th day of December, 2015.